## In re SUNLIGHT BAKING & MFG. CO.

District Court, W. D. Pennsylvania. March 24, 1928.

No. 13134.

Bankruptcy ⊙═140(1¼.)—Seller of property on unconditional sale, securing subsequent bailment lease without transfer of title, held not entitled to property after buyer's bankruptcy (Pa. St. Supp. 1928, §§ 19727a1 to 19727a31).

Where seller of dough mixer and other machinery on unconditional sale later secured agreement purporting to constitute a bailment lease of machinery, without having secured transfer of title from buyer prior to execution of such bailment lease thereafter recorded in attempt to comply with Conditional Sales Act Pa. 1925 (Pa. St. Supp. 1928, §§ 19727a1 to 19727a31), it was not entitled, after buyer's bankruptcy, to return of property on theory that it was held by bankrupt under bailment lease.

In Bankruptcy. In the matter of the bankruptcy of the Sunlight Baking & Manufacturing Company. On certificate for review of an order of the referee denying the petition of Hardesty & Stineman, a copartnership, for the return of certain property held by bankrupt. Order sustaining referee's finding.

F. C. Sharbaugh, of Ebensburg, Pa., and A. M. Oliver, of Pittsburgh, Pa., for petitioner.

Wm. H. Burd, of Johnstown, Pa., and P. J. Little, of Ebensburg, Pa., for trustee and creditors.

R. H. Coleman, of Johnstown, Pa., receiver.

C. R. Meyers, of Ebensburg, Pa., referee in bankruptcy.

GIBSON, District Judge. Hardesty & Stineman, a copartnership, has filed with the referee a claim for the return of a dough mixer and certain other machinery which claimant alleges was its property held by the bankrupt under a bailment lease. Objection having been made to the return of the machinery, the matter was heard before the referee, who denied the petition, whereupon the matter was certified to this court for review upon the petition of the claimant.

The facts are substantially as follows: On January 23, 1926, the bankrupt ordered the machinery from the claimant. In March, the machinery was shipped to the bankrupt, the terms of sale being "spot cash less 5%." The machinery was at once installed in the plant of the bankrupt. On April 13th the bankrupt forwarded its note for $4,200, the purchase price of the machinery, to the claimant. On June 12, 1926, the note fell due, and the bankrupt paid thereon the sum of $200, with the interest, and delivered a note for $4,000 to the claimant. For this note, at the request of the claimant, two notes, one for $2,000 and the other for $1,960, were substituted. On this same day, June 12, 1926, the bankrupt and claimant entered into a paper which purported to be a bailment lease of the machinery in question. The machinery continued in the plant of the bankrupt from the date of its delivery to the filing of the petition in bankruptcy, and no paper had been executed by the bankrupt whereby the title to it had been transferred to the claimant prior to the execution of the bailment lease. The bankrupt paid the interest upon the said notes for $2,000 and $1,960, and renewed the notes at the time they became due on August 5, 1926. The claimant, apparently seeking to comply with the provisions of the Pennsylvania Conditional Sales Act of 1925 (Pa. St. Supp. 1928, §§ 19727a1 to 19727a31), recorded the bailment lease hereinbefore mentioned in the office of the prothonotary of Cambria county. In September of the same year, at the request of claimant, the bankrupt substituted a number of other notes to take the place of the notes for $2,000 and $1,960, respectively. The amounts of these notes corresponded in amount to the amounts falling due each month under the bailment lease.

Under the foregoing facts we feel the referee was not in error in refusing to make an order for the return of the machinery to the claimant. An unconditional sale, in the first instance, had been made to the bankrupt. No change of position of the property sold had ever taken place prior to bankruptcy. No formal transfer of the machinery had ever been made by the bankrupt to the claimant. The payments made by bankrupt to the claimant were upon the notes and not under the bailment contract. The bailment seems to have been used as collateral security.

An order sustaining the finding of the referee will be made.